IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANIAK PINE & GANNON, LLC, VALAUSKAS & PINE LLC, and MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 11 C 1157 ) |
| v. | ) Judge Virginia M. Kendall ) |
| NEOMEDIA TECHNOLOGIES, INC. and GEORGE O'LEARY, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Baniak Pine & Gannon, LLC, Valauskas & Pine LLC, and McDonnell Boehnen Hulbert & Berghoff LLP (together "Plaintiffs") filed suit against defendants NeoMedia Technologies, Inc. ("NeoMedia") and George O'Leary ("O'Leary") (together "Defendants"). Plaintiffs allege in Count II of their Complaint that O'Leary tortiously interfered with Plaintiffs's contract with NeoMedia. O'Leary moves to dismiss. For the following reasons, the Court grants O'Leary's Motion to Dismiss with prejudice.

## STATEMENT OF FACTS

The following facts are taken from Plaintiffs's Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

Plaintiffs are Chicago-based law firms specializing in intellectual property rights. (Compl. at ¶¶ 2-4.) Since 2001, Plaintiffs have individually or cooperatively represented NeoMedia in intellectual property licensing and patent infringement lawsuits. (Compl. at ¶¶ 8-18.) O'Leary serves as a director of NeoMedia, an Atlanta-based corporation involved in mobile technology and infrastructure solutions. (Compl. at ¶¶ 5-7.)

Plaintiffs and NeoMedia entered into various agreements between 2001 and 2009 specifying the manner in which potential proceeds and contingent fees would be distributed to Plaintiffs.

(Compl. at ¶¶ 8-18.)  NeoMedia subsequently withheld certain settlement proceeds and contingent fees from Plaintiffs, in violation of these agreements.  (Compl. at ¶¶ 29-33.)  On or around November 2, 2009, when Plaintiffs demanded payment, NeoMedia CFO Mike Zima ("Zima") responded that O'Leary instructed NeoMedia to "hold the money [owed to Plaintiffs] hostage" until Plaintiffs agreed to amend the terms of their 2002 agreement.  (Compl. at ¶¶ 29-30.)  "On information and belief," O'Leary acted for his own interest and benefit in directing Zima and NeoMedia not to remit payment to Plaintiffs.  (Compl. ¶ 30.)

Plaintiffs estimate that their uncompensated work on behalf of NeoMedia is currently in excess of $1.75 million and that NeoMedia continues to receive benefits and proceeds in the form of future payments and royalties.  (Compl. ¶ 33.).

While Plaintiffs initially named O'Leary in each count of their Complaint, they have since clarified that they only seek relief against O'Leary individually in Count II.  (Doc. 20 at 2 n. 1.) Therefore, the Court confines its analysis of O'Leary's Motion to Dismiss to the tortious interference of contract claims alleged in Count II.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff.  *See Murphy*, 51 F.3d at 717.  To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense."  *Iqbal*, 129 S. Ct. at 1950.  When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief.  *Id.*  A claim has facial plausibility when the pleaded factual content

2

allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949.

**DISCUSSION**

**I.    Tortious Interference**

To establish a *prima facie* tortious interference with contract claim in Illinois, a plaintiff must allege: (1) the existence of a contract; (2) defendant's awareness of the contract; (3) intentional inducement of a contract breach; (4) actual breach of the contract; and (5) damages. *See Cody v. Harris*, 409 F.3d 853, 859 (7th Cir. 2005) *citing HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,* 545 N.E.2d 672, 676 (Ill. 1989); *see also Delloma v. Consolidation Coal Co.,* 96 F.2d 168, 171 (7th Cir. 1993).

"Corporate officers normally enjoy protection from personal liability for acts they commit on behalf of the corporation." *Von Der Ruhr v. Immtech Int'l, Inc.*, 570 F.3d 858, 866 (7th Cir. 2009); *see also MGD, Inc. v. Dalen Trading Co.*, 596 N.E.2d 15, 18 (Ill. App. Ct. 1992) ("Illinois courts recognize a privilege for corporate officers and directors to use their business judgment and discretion on behalf of their corporations."). Here, the Complaint alleges that O'Leary, a corporate director of NeoMedia, was acting on behalf of NeoMedia when he instructed Zima to withhold settlement and contingent fee payments to Plaintiffs. *See Stafford v. Puro*, 63 F.3d 1436, 1442 (7th Cir. 1995) (a corporation's officers and directors "must have the ability to exercise their business judgment without fear of personal liability" and, as such, are entitled to "a conditional privilege that protects them from personal liability for their decisions made on behalf of the corporation."). Therefore, the Court finds that O'Leary's actions were subject to a qualified privilege as the actions of a corporate director on behalf of NeoMedia. *See MGD*, 596 N.E.2d at 18 (finding qualified privilege where director was a member of the board of directors and owed a "duty to the shareholders of these corporations to exercise business judgment in managing their affairs.").

A.    **Qualified Privilege**

In Illinois, to overcome the qualified privilege of a corporate director, Plaintiffs must demonstrate that the director "induced the breach to further [his] personal goals or to injure the other party to the contract, *and* acted contrary to the best interest of the corporation." *Von der Ruhr*, 570 F.3d at 866-67 (quotations and citation omitted; emphasis in original).  Stated another way, once a court has found that qualified privilege applies, "it is the plaintiff's burden to plead and prove that the defendant's conduct was unjustified or malicious."  *HPI*, 545 N.E.2d at 677.  Malice is "a positive desire or intent to injure another, and in the context of a charge or tortious interference with a contractual relationship, the plaintiff must show that the desire to harm was unrelated to the interests of the corporation."  *MGD*, 596 N.E.2d at 18.  "Bare allegations of actual malice, unsupported by facts, are not sufficient to negate the protections of privilege."  *Id*.

Accordingly, having found that O'Leary may assert a qualified privilege, the Court examines whether Plaintiffs sufficiently pled that O'Leary unjustifiably or maliciously interfered with their contracts and acted contrary to the best interests of NeoMedia.  To determine whether O'Leary acted maliciously, the Court considers whether Plaintiffs have alleged that O'Leary's actions were illegal, whether O'Leary was motivated by a desire for personal gain, and whether O'Leary intended to harm plaintiffs.  *See id*. (dismissing complaint because it only contained mere allegations that defendant caused contracts to be breached "without reasonable justification" but did not allege that defendant's actions were illegal, motivated by personal gain, or intended to harm plaintiffs).

Here, Plaintiffs allege that O'Leary instructed NeoMedia not to pay them until they agreed to amend an earlier agreement in accordance with NeoMedia's demands.  Plaintiffs, however, have failed to allege sufficient facts to demonstrate that O'Leary acted maliciously.  Plaintiffs do not allege that O'Leary used any illegal means to induce NeoMedia to breach its contract.  *See Stop-N-Go of Madison, Inc. v. Uno-Ven Co.*, 184 F.3d 672, 680 (7th Cir. 1999) (noting that the law does not treat efficient contract breaches as disfavored); *cf. Stafford*, 63 F.3d at 1442 (finding tortious interference where plaintiffs alleged that defendant corporate officers violated the Illinois Wage

4

Payment and Collection Act when they interfered with plaintiff's compensation agreement, rendering their actions illegal).

Moreover, Plaintiffs's Complaint—which provides very few facts supporting its allegations against O'Leary—does not demonstrate that O'Leary acted with the intent to harm Plaintiffs. Rather, Plaintiffs allege that O'Leary acted to improve NeoMedia's financial position. *See Salaymeh v. Interqual, Inc.*, 508 N.E.2d 1155, 1159 (Ill. App. Ct. 1987) ("[S]o long as a fellow employee is acting in accord with the interest of the employer no personal liability can devolve upon him.") (citation omitted). As such, Plaintiffs fail to allege that O'Leary's desire to harm them was either his sole focus or was unrelated to the interests of NeoMedia.

Nor have Plaintiffs pled facts suggest that personal benefit was O'Leary's sole motivation. *See Stafford*, 63 F.3d at 1442 ("Directors and officers are not justified in acting solely for their own benefit or solely in order to injure the plaintiff because such conduct is contrary to the best interests of the corporation."). Though Plaintiffs allege, "on information and belief," that O'Leary acted for his own benefit, this allegation is not pled with sufficient detail to overcome Plaintiff's burden given the Court's earlier finding that O'Leary may assert a qualified privilege. Moreover, even if the Court were to deem this bare allegation sufficient, Plaintiffs still fail to demonstrate that O'Leary acted contrary to the interests of NeoMedia. *See HPI*, 545 N.E.2d at 678 (dismissing tortious interference claim for failure to plead sufficient facts that defendant's actions were illegal, contrary to the interests of the corporation, motivated by a desire for personal gain, or intended to harm the plaintiff).

To the extent that Plaintiffs rely on O'Leary's alleged use of the word "hostage" to demonstrate malice, that alone is insufficient. *See MGD*, 596 N.E.2d at 18 ("Bare allegations of actual malice, unsupported by facts, are not sufficient to negate the protections of privilege."). Plaintiffs have not provided additional or supporting facts sufficient to overcome O'Leary's qualified privilege as a director of NeoMedia acting on its behalf. Similarly, Plaintiffs's reliance on *Sufrin v. Hosier* is unavailing. 128 F.3d 594 (7th Cir. 1997). In *Sufrin*, the Seventh Circuit held that a law

5

firm partner's conduct was extortionate and therefore not privileged when he directed the firm's client to withhold money from another partner, causing a breach of contract between the defendant and the other partner. *See id*. at 598. The defendant in *Sufrin* was attempting to put pressure on the other law firm partner regarding an "unrelated demand" and used a third-party client to that end. *Id*. Here, conversely, O'Leary is alleged to have been acting on behalf of his corporation, not a third party, and O'Leary's conduct, as discussed above, was not adequately alleged to be for his sole benefit or contrary to the interests of NeoMedia. Nor is O'Leary's conduct alleged to be unrelated to the breach of contract at issue; in fact, O'Leary is alleged to have breached the very contract that he was attempting to modify. As such, Plaintiffs's Complaint fails to plead allegations supporting a finding that O'Leary's conduct was extortionate.

The Court finds that O'Leary is entitled to assert a qualified privilege as a director of NeoMedia and that Plaintiffs have failed to plead Count II with the required specificity. The Court therefore grants O'Leary's Motion to Dismiss.

## CONCLUSION AND ORDER

Plaintiffs have failed to plead Count II against O'Leary with the required specificity to overcome O'Leary's qualified privilege for his actions as a corporate director of NeoMedia. Therefore, the Court grants O'Leary's Motion to Dismiss with prejudice and he is dismissed from the case.


So ordered.


Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 6, 2011

6